UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES,<br><br>                   Plaintiff,<br><br>           v.<br><br>INTERNATIONAL FIDELITY INSURANCE COMPANY,<br><br>                   Defendant. | Court No. 13-00256 |

## **COMPLAINT**

Pursuant to the rules of the United States Court of International Trade (CIT), plaintiff, United States, alleges as follows:

1. This action is brought by the United States on behalf of the Department of Homeland Security, U.S. Customs and Border Protection (CBP), to recover unpaid antidumping duties in the amount of $231,000, plus pre- and post-judgment interest, including but not limited to interest pursuant to 19 U.S.C. §§ 580 and 1505, as well as pursuant to principles of equity.

2. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1582(2).

3. Defendant, International Fidelity Insurance Company (IFIC), is currently located at One Newark Center, 111 Raymond Boulevard, 20th Floor, Newark, NJ 07102.

## COUNT I

4. Paragraphs 1 through 3 are incorporated by reference as though fully set forth herein.

5. Importer, U.S. China Leader Express Co. (China Leader), made one (1) entry of fresh garlic from People's Republic of China on May 1, 2002 (hereafter, the Entry). A copy of the entry documents are attached hereto as confidential Exhibit 1. The fresh garlic was produced and/or exported by Huaiyang Hongda Dehydrated Vegetable Co. (Hongda).

6. The Entry was secured by a single transaction bond (STB) issued by IFIC in the amount of $231,000. A copy of the STB is attached hereto as confidential Exhibit 2.

7. The Entry was subject to the Department of Commerce (Commerce) Antidumping Duty Order A-570-831-002. *Antidumping Duty Order: Fresh Garlic from the People's Republic of China*, 59 Fed. Reg. 59209 (Nov. 16, 1994).

8. Liquidation of the Entry was suspended by statute. *Notice of Preliminary Determination of Sales at Less Than Fair Value: Fresh Garlic From the People's Republic of China*, 59 Fed. Reg. 35310, 35311 (July 11, 1994), *citing* § 733(d)(1) of the Tariff Act of 1930, 19 U.S.C. § 1673b(d)(1) (1994).

9. On August 6, 2003, Commerce published a notice rescinding the administrative review with respect to Hongda for the period of May 1, 2002 – October 31, 2002 (the period in which the Entry was made). *Fresh Garlic From the People's Republic of China: Partial Rescission of Antidumping Duty Administrative Review*, 68 Fed. Reg. 46580 (Aug. 6, 2003).

10. Hongda commenced litigation in the CIT challenging Commerce's decision to rescind the review. *Huaiyang Hongda Dehydrated Vegetable Co. v. United States*, Court No. 03-00636 (commenced September 2003) (Hongda Action).

11. On October 30, 2003, the CIT issued a preliminary injunction in the Hongda Action

enjoining the liquidation of the Entry and other related entries pending the outcome of a challenge of the partial rescission of the administrative review and the application of an antidumping rate applied by Commerce.

12. On November 22, 2004, the CIT issued a decision in the Hongda Action affirming Commerce's rescission. *Huaiyang Hongda Dehydrated Vegetable Co. v. United States*, 28 CIT 1944 (2004). The injunction dissolved after no appeal was taken from that decision.

13. On January 24, 2007, Commerce issued liquidation instructions to CBP in a publicly available Administrative Message 7024202 directing CBP to liquidate entries of Fresh Garlic from the People's Republic of China, exported by Hongda and entered or withdrawn from warehouse for consumption during the period of May 1, 2002 through October 31, 2002. The Entry satisfied these criteria for liquidation.

14. The Entry was liquidated on September 21, 2007 and a bill was issued to China Leader for the payment of the antidumping duties assessed at liquidation. CBP has received no payment from China Leader.

15. Through a Formal Demand on Surety (612 Report) dated May 1, 2008, IFIC was advised of the actual unpaid antidumping duties, $288,860.69 plus interest in the amount of $12,554.15. A copy of the 612 Report is attached hereto as confidential Exhibit 3.

16. By letter dated May 1, 2013, CBP's Office of Assistant Chief Counsel demanded payment of $231,000, which is the amount of the STB. A copy of this demand letter is attached hereto as confidential Exhibit 4.

17. To date, IFIC has not made payment with respect to the antidumping duties owed on the Entry or for any accrued interest on the amount owed.

WHEREFORE, plaintiff respectfully requests that judgment be entered in favor of the United States against defendant IFIC in the amount of $231,000, plus pre-judgment interest from the date(s) of liquidation of the Entry under 19 U.S.C. § 1505, post-judgment interest, and equitable interest to the extent necessary to fully compensate the United States for the surety's default, plus interest pursuant to 19 U.S.C. § 580, even if any such amounts exceed the limits of liability of the STB; and for such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        STUART F. DELERY
        Acting Assistant Attorney General

        /s/ Barbara S. Williams
By:   BARBARA S. WILLIAMS
        Attorney in Charge
        International Trade Field Office

        /s/ Marcella Powell
        MARCELLA POWELL
        Civil Division, Dept. of Justice
        Commercial Litigation Branch
        26 Federal Plaza – Suite 346
        New York, NY 10278
        Tel. (212) 264-9230 or 1873
        Attorneys for Plaintiff

Dated: July 23, 2013